**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340



**WILLIAM J. MARTINI**
  JUDGE

# LETTER OPINION

October 30, 2007

*Attorneys for Plaintiffs*

Frank Arleo
Arleo & Donohue, LLC
Penn Federal Building
622 Eagle Rock Ave.
West Orange, NJ 07052

Patrick Toscano, Jr.
80 Bloomfield Ave.
Suite 101
Caldwell, NJ 07006

Dennis Durkin
P.O. Box 88
Roseland, NJ 07068

*Attorneys for Defendants*

David Paris
Piro, Zinna, Cifelli & Paris
360 Passaic Ave.
Nutley, NJ 07110

Eric Harrison
Methfessel & Werbel
3 Ethel Road
Suite 300
P.O. Box 3012
Edison, NJ 08818-3012

Nancy Smith
Smith Mullin, P.C.
240 Claremont Ave.
Montclair, New Jersey 07042

Re:  *Manna v. Township of Fairfield*
     Civil Action No. 04-CV-1430 (WJM)

Dear Litigants:

This matter comes before the Court on Defendants' motion to dismiss portions of Plaintiffs' April 25, 2006 Supplemental Complaint for failure to state a

claim pursuant to Fed. R. Civ. P. 12(b)(6).  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons stated below, Defendants' motion is granted in part and denied in part.

## BACKGROUND

This case involves allegations of retaliation and discrimination against the police officer plaintiffs for exposing and discussing alleged corruption within the local government and the police department.  The facts of this case have been laid out in great detail in Judge Lifland's Memorandum and Order dated April 7, 2006 ("2006 Memorandum and Order") and will not be repeated here.

In July 2004, Defendants filed a motion to dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Judge Lifland dismissed most of the Complaint in his 2006 Memorandum and Order.  Specifically, Judge Lifland dismissed all of Charles Voelker's and Martin Brennan's claims.  As for Anthony Manna's claims, the Court dismissed his retaliatory shift change claim under the doctrine of res judicata, but retained Manna's other claims.  In addition, Judge Lifland granted Plaintiffs leave to file a supplemental complaint, and stated: "Plaintiffs may file, within twenty days of the filings of this Memorandum & Order, a supplemental complaint alleging facts which have occurred since the filing of the complaint herein."  Plaintiffs timely submitted their Supplemental Complaint on April 25, 2006.

In their Supplemental Complaint, Plaintiffs Anthony Manna, Charles Voelker, and Martin Brennan allege that Defendants retaliated against them for speaking out against local corruption.  Specifically, Plaintiffs allege: (1) C. Lynn Centonze, in both her professional and personal capacity, retaliated against Plaintiffs for exercising their First Amendment rights in violation of 42 U.S.C. § 1983; (2) the Township and Governing Body of the Township of Fairfield sanctioned and failed to supervise Centonze's conduct in violation of 42 U.S.C. § 1983; (3) all Defendants retaliated against Plaintiffs in violation of 31 U.S.C. § 3730(h) (qui tam legislation); and (4) Defendants discriminated against Voelker due to his age in violation of N.J.S.A. 10:5-12.

Defendants' motion to dismiss is currently before the Court.

2

## ANALYSIS

### A.     Standard of Review

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Although a complaint need not contain detailed factual allegations, "the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level.  *See id*. at 1964-65.  Furthermore, although a court must view the allegations as true in a motion to dismiss, it is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations."  *Baraka v. McGreevey*, 481 F. 3d 187, 211 (3d Cir. 2007).

### B.     Motion to Dismiss

Defendants argue that: (1) several of Plaintiffs' claims are mere reiterations of claims previously dismissed by Judge Lifland in his 2006 Memorandum and Order; (2) Plaintiffs have failed to allege adequate facts sufficient to sustain a First Amendment cause of action; and (3) Plaintiff Voelker has failed to state a claim of

age discrimination.[1]  These arguments are addressed in turn.

### 1.     Amended Complaint Versus Supplemental Complaint

Despite Judge Lifland's clear directive in granting Plaintiffs leave to file a supplemental complaint for claims arising out of events that occurred after the filing of the complaint, Plaintiffs have both supplemented *and* amended their original complaint.[2]  Defendants argue, and the Court agrees, that Plaintiffs should not be allowed to surreptitiously amend the Complaint in its Supplemental Complaint nor revive any claims specifically dismissed by Judge Lifland in his 2006 Memorandum and Order.  As Plaintiffs concede that only ¶17 of the Supplemental Complaint contains events that took place after the original complaint was filed, this Court expressly dismisses any claims arising out of events occurring before March 29, 2004 or dismissed by Judge Lifland in his 2006 Memorandum and Order.  (Pls.' Br. 3.)

### 2.     First Amendment Claims

In order to survive a motion to dismiss, a plaintiff who pleads a retaliation claim under the First Amendment must "allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the

---

[1] Defendants additionally argued that Plaintiffs had failed to state a cognizable claim under the whistleblower provision of the False Claims Act.  (Defs.' Br. 13-17.)  Plaintiffs withdrew these claims in their opposition brief.  (Pls.' Br. 9.)

[2] The Court notes that Plaintiffs' Supplemental Complaint was presented in a manner which did not assist the Court in appropriately comparing the original Complaint and the Supplemental Complaint.  The Supplemental Complaint was engineered by taking the language of the original Complaint without regard to which claims had been dismissed by the 2006 Memorandum and Order, modifying some of the language, and adding new claims.  The Plaintiffs only identified which paragraph, ¶17, contained incidents occurring after the filing of the original Complaint in its opposition brief.  The Court further notes that the Supplemental Complaint, in addition to ¶17, may have appeared to allege a few more incidents occurring after the filing of the complaint.  The Plaintiffs' opposition paper, however, makes no reference to them when identifying supplemental incidents occurring after March 29, 2004.  Based upon Plaintiffs' representations in its opposition brief, the Court will only deem those incidents identified in ¶17 as part of the Supplemental Complaint.

constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Township*, 463 F.3d 285, 296 (3d Cir. 2006). Although this threshold inquiry assumes a retaliatory action, the Court is not persuaded, as Defendants argue, that a plaintiff must plead an "adverse employment action." Rather, the touchstone in determining retaliatory action is the adverse effect of the alleged conduct–whether that conduct would deter a reasonably firm person from expressing their rights under the First Amendment. *See McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006). The effect of the alleged action or series of actions "'need not be great in order to be actionable,' but it must be more than *de minimis*." *Id*.

To determine whether a plaintiff has pled the necessary elements of an actionable First Amendment retaliation claim, a court must examine the nature of the alleged retaliatory action. Clearly, altering a plaintiff's terms of employment or firing a plaintiff as retaliation for a plaintiff's exercise of his or her constitutionally protected conduct would be sufficient to establish a claim. *See Suppan v. Dadonna*, 203 F.3d 228, 234 (3d Cir. 2000). It is similarly clear that isolated or occasional admonishments, criticisms, false accusations, or verbal reprimands may not amount to retaliatory action sufficient to deter an ordinary person from exercising their free speech rights. *See McKee*, 436 F.3d at 170. These isolated or occasional comments, however, are distinguished from a pattern of harassment, and otherwise trivial conduct, considered de minimis when viewed in isolation, may be sufficient to establish retaliatory action under the First Amendment if their cumulative impact amounts to retaliatory harassment. *Id.* In other words, a pattern of petty harassments is actionable even if the "employee cannot prove a change in the actual terms of his or her employment" so long as the effect of the harassment on the employee's freedom of speech is more than de minimus. *Id.* Furthermore, it "is a question of fact whether the campaign [of harassment trivial in detail] reached the threshold of actionability under section 1983." *Suppan,* 203 F.3d at 235 (citing *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)).

In this case, Plaintiffs allege that Defendants retaliated against them in a multitude of incidents amounting to a "wholesale campaign" for engaging in their First Amendment rights. Defendants argue that Plaintiffs new allegations of retaliatory acts, as outlined in ¶17 of Plaintiffs' Supplemental Complaint, are insufficient to meet the requirement of a retaliatory action. The Court disagrees.

To establish the retaliatory nature of these actions, Plaintiffs need not establish that each incident amounts to an independent adverse action as Defendants argue. *See Suppan*, 203 F.3d at 235. Viewing the allegations contained in ¶17 of Plaintiffs' Supplemental Complaint most generously for Plaintiffs, the Court finds that some of these acts could deter a person of reasonable firmness from an exercise of free speech, particularly if these actions are considered in aggregate and amount to a campaign of harassment as Plaintiffs allege.

      Certain of Plaintiffs' allegations, however, are not actionable even under a liberal reading of the Supplemental Complaint.[3] First, certain claims of retaliation were perpetrated by people other than the named defendants. As there is no allegation that they were acting under the direction of Defendants, these claims cannot be asserted by Plaintiffs against Defendants in this case.[4] Second, Defendants' failure to investigate allegedly wrongful acts reported by Plaintiffs does not affect Plaintiffs' exercise of free speech. Third, Defendants' isolated or occasional criticisms or verbal reprimands, without more, do not rise to the level of retaliatory action. Fourth, vague or general allegations that a defendant "routinely retaliates" or "clearly discriminate[s]" against a plaintiff without identifying the alleged retaliatory act are insufficient to establish a claim of retaliation. Fifth, Centonze's directive to Manna about not accompanying Brennan to municipal court is not protected association under Judge Lifland's prior ruling. Thus, based on the foregoing, the Court will dismiss all of the additional claims stated in ¶17 of Plaintiffs' Supplemental Complaint, except for the following claims: (1) Brennan's claim that Centonze disciplined him for distributing a memorandum to the Mayor and Counsel; (2) Voelker's claim that Centonze retaliated against him by placing a junior lieutenant in command during

---

[3] The Court notes that retaliatory acts occurring after March 29, 2004 were properly within the scope of the Supplemental Complaint, even if those acts were retaliation for the pre-March 29, 2004 exercise of Plaintiffs' First Amendment rights. Defendants, however, are correct that any retaliatory acts alleged prior to March 29, 2004 cannot be properly included in the Supplemental Complaint. As discussed earlier in this Letter Opinion, such acts are dismissed for failure to comply with the 2006 Memorandum and Order.

[4] Plaintiffs acknowledge that the Supplemental Complaint fails to state that individuals such as the municipal prosecutor and the Deputy Chief were acting under the direction of Defendants. (Pls.' Br. 8-9.)

6

her absences from the department instead of him; and (3) Voelker's claim that Defendants rejected his application for the F.B.I. Academy.

### 3. Age Discrimination

Voelker asserts a claim of indirect age discrimination in the Supplemental Complaint. He alleges that (1) Defendants sent to the FBI Academy a younger and more junior lieutenant over him, and (2) that Defendants designated a more junior lieutenant to the position of officer in charge during the police chief's occasional absence. (Pls.' Supplemental Complaint ¶¶ 17(l), (m), (o)). The New Jersey Law Against Discrimination ("LAD"), *N.J.S.A.* 10:5-12(a), prohibits an employer from "discriminat[ing] against such individual in compensation or in terms, conditions or privileges of employment" based on the employee's age.

In deciding claims brought under the LAD, New Jersey courts generally look to the federal law interpreting the Age Discrimination in Employment Act. *See Bergen Commer. Bank v. Sisler*, 157 N.J. 188, 200 (1999). To state a prima facie case of age discrimination, a plaintiff must plead that (1) he is a member of a protected class, (2) he was eligible for these employment opportunities, (3) he was rejected despite adequate qualification, and (4) his replacement was sufficiently younger to permit an inference of discrimination based upon age. *See id.* at 210-13; *Young v. Hobart West Group*, 385 N.J. Super. 448, 458 (2005); *see also Potence v. Hazleton Area School Dist.*, 357 F.3d 366, 370 (3d Cir. 2004).

Defendants argue that Voelker's claim fails to establish a prima facie case for age discrimination because Voelker has not adequately pled entitlement to these employment opportunities, nor has he pled "adverse employment actions." (Defs.' Br. 35.) The Court disagrees. Voelker states that:

> (1) he "was advised that his letter he submitted long ago requesting he be sent to the F.B.I. Academy in Quantico was misplaced, and that is the reason he was never sent to the F.B.I. Academy. Surprisingly, his request thereafter mysteriously re-appeared, yet a junior Lieutenant was sent to the F.B.I. Academy instead of Voelker, despite Voelker's clear superior qualifications. Voelker is 56 years of age, and the junior lieutenant is approximately 40 years of age . . . The age discrimination of plaintiff Voelker . . . has occurred subsequent to the

7

filing of the original Complaint herein. Since the Complaint was filed, Voelker was advised by defendant Centonze and the Mayor, among others, that he would be sent to the F.B.I. academy in Quantico. An application/opportunity has been denied him since having been so told;" and

(2) while Centonze was away from the department, she "placed a junior Lieutenant in command, instead of Voelker, in violation of the Township's own ordinance relative to same."

(Pls.' Supplemental Complaint ¶17(l)-(m), (o).)

The first and last prongs of the prima facie case are not in dispute. Voelker, at age 56, is clearly a member of a protected class. Additionally, it is clear that the junior lieutenant, for whom Voelker was rejected in favor of, was sufficiently younger than Voelker to permit an inference of age discrimination.

With regards to Defendants' argument that Voelker has failed to plead an adverse employment action, the Court disagrees. In the Court's current posture, Voelker has alleged a denial of an opportunity sufficient for the Court to infer a significant adverse action and to sustain a claim of employment discrimination under LAD. *See Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 152-53 (3d Cir. 1999)(adverse employment actions need not be as firmly adverse as a claim of termination or failure to promote so long as those actions cause a significant change in employment status or employment benefits). Although the Court is not firmly persuaded that Defendants' failure to send Voelker to the F.B.I. Academy or to place him in command during Centonze's absence can clearly be characterized as "an adverse employment action," the Court, at this stage, cannot conclude that these actions did not significantly impact Voelker's career prospects, since Plaintiffs argue that these opportunities were important career building events. (Pls.' Br. 7-8.) Defendants' claim that Voelker has failed to allege an adverse action is premature.

The Court concludes that Voelker has pled the elements of his prima facie case. With regards to the F.B.I. Academy incident, Voelker has alleged that he was qualified to be sent to the F.B.I. Academy. He alleges that Centonze as well as other individuals stated that he would be sent to the F.B.I. Academy, and it

would be reasonable for this Court to infer that he claims that he was eligible for this opportunity, but denied the opportunity in favor of a younger individual. With regards to the placement of a junior lieutenant in command, again, Voelker has alleged that he was eligible to be placed in command during Centonze's absences under the relevant local ordinance. In viewing the facts most favorably to the non-moving party, the Court finds that Voelker has sufficiently stated a claim of age discrimination. Therefore, the Court denies Defendants' motion to dismiss the age discrimination claim.

### C.     Sanctions

In Defendants' motion to dismiss, they additionally seek sanctions against the Plaintiffs for voluntarily dismissing, without prejudice, their claims of retaliation under the False Claims Act, because no action has been brought by the government to date. Defendants argue that the Court should impose sanctions under Rule 11, because Plaintiffs knew that this claim was frivolous before filing their complaint, and Plaintiffs similarly made and withdrew these unsupported allegations in the New Jersey state court case. Although the Court recognizes that serious accusations involving claims that the municipality and police chief defrauded the federal government should not be made without a good faith basis, the Court finds that the imposition of sanctions at this stage would be premature.

Furthermore, the Court notes that Defendants' motion for sanctions was not properly made under separate motion pursuant to Fed. R. Civ. P. 11. As such, Defendants' motion for sanctions is denied at this time.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss Plaintiff's Supplemental Complaint is granted in part and denied in part. An appropriate order follows.

s/William J. Martini
**William J. Martini, U.S.D.J.**
