UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340



**WILLIAM J. MARTINI**
    JUDGE

## LETTER OPINION

December 18, 2008

Dennis Durkin
P.O. Box 88
Roseland, NJ 07068
*Attorney for Plaintiff*

Eric Harrison
Methfessel & Werbel
3 Ethel Road
Suite 300
P.O. Box 3012
Edison, NJ 08818-3012

Nancy Smith
Smith Mullin, P.C.
240 Claremont Ave.
Montclair, New Jersey 07042

David Paris
Piro, Zinna, Cifelli & Paris
360 Passaic Ave.
Nutley, NJ 07110
*Attorneys for Defendants*

    Re:   *Brennan v. Township of Fairfield*
               Civil Action No. 04-CV-1430 (WJM)

Dear Litigants:

    This matter comes before the Court upon several motions: (1) Defendants' Motion for Summary Judgment against Plaintiff Martin Brennan; (2) Defendants' Motion for

Sanctions; (3) Plaintiff Brennan's Motion to Disqualify Defense Counsel; and (4) Plaintiff Brennan's Motion to Compel Mediation.  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons stated below, the motions of Defendants Township of Fairfield, Governing Body of the Township of Fairfield, and C. Lynn Centonze are granted in part and denied in part, and Plaintiff Brennan's motions are denied.

## BACKGROUND

This case involves allegations of retaliation against Plaintiff Brennan, a police officer in the Township of Fairfield, for discussing matters of public concern and exercising his right to engage in constitutionally protected speech.[1]  The history and facts of this case have been laid out in great detail in both Judge Lifland's Memorandum and Order dated April 7, 2006 ("2006 Memorandum and Order") and this Court's Letter Opinion and Order dated October 30, 2007 ("2007 Opinion and Order").  Therefore, the Court will only repeat the facts of this action relevant to its determination of the current motions.

In the 2006 Memorandum and Order, Judge Lifland dismissed all of Plaintiff Brennan's claims, but granted him leave to file a supplemental complaint.[2]  Plaintiff was allowed to "file, within twenty days of the filings of this Memorandum & Order, a supplemental complaint alleging facts which have occurred since the filing of the complaint."  Plaintiff timely submitted a Supplemental Complaint on April 25, 2006 laying forth certain additional events that occurred after the initial filing of the complaint. Defendants moved to dismiss the Supplemental Complaint in May 2007.  In the Court's 2007 Opinion and Order, the Court granted Defendants' motion in part and dismissed all of Plaintiff Brennan's claims except for his "claim that Centonze disciplined him for distributing a memorandum to the Mayor and Counsel."  Therefore, Plaintiff Brennan's only claim against Defendants is a claim of retaliation for his distribution of a memorandum to the Mayor and Counsel.

---

[1] Pursuant to the terms of a pending settlement agreement, two of Plaintiff Brennan's co-plaintiffs, Anthony Manna and Charles Voelker, have dismissed with prejudice all of their claims against Defendants. (Harrison Letter to Court dated Nov. 26, 2008.)  The Court, therefore, dismissed Manna and Voelker as parties in this action subject to the right of the parties to reopen the action if a settlement is not consummated among the parties within thirty days of an Order dated December 3, 2008.  Thus, only Plaintiff Brennan remains in this case.

[2] Additionally, the 2006 Memorandum and Order dismissed all of Voelker's claims and part of Manna's claims.

Currently, there are four motions pending before the Court. First, with regards to Defendants' Motion for Summary Judgment against Plaintiff Brennan, the discovery period has closed, and the motion is properly before the Court. Plaintiff failed to submit an opposition to the motion for summary judgment.[3] Second, with regards to Defendants' motion for sanctions pursuant to Fed. R. Civ. P. 11, an opposition was submitted by certain original plaintiffs. Plaintiff Brennan, however, failed to submit a separate opposition. Third, Plaintiff Brennan's motion to disqualify counsel for Defendants was opposed by Defendants and is fully briefed. And, finally, Plaintiff Brennan's motion to compel mediation was also opposed by Defendants, and the time for additional submissions has passed. These motions will be addressed in turn below.

## ANALYSIS

**A.     Standard of Review**

Summary judgment eliminates unfounded claims without resorting to a costly and lengthy trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). However, a court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of showing that no genuine issue of material fact exists rests initially on the moving party. *Celotex*, 477 U.S. at 323. A litigant may discharge this burden by exposing "the absence of evidence to support the nonmoving party's case." *Id.* at 325. In evaluating a summary judgment motion, a court must view all evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976).

Once the moving party has made a properly supported motion for summary judgment, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The substantive law determines which facts are material. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit

---

[3] Although counsel for Plaintiff Brennan asserted in a Letter to the Court that Plaintiff Brennan "joined the opposition filed by other plaintiffs to defendant's [sic] summary judgment motion," the Court notes that there is no such opposition recorded on the docket. (Durkin Letter to the Court dated October 10, 2008.) Furthermore, Defendants filed separate motions for summary judgment as against each of the original plaintiffs in this action. Therefore, Plaintiff Brennan should have addressed its opposition separately.

under the governing law will properly preclude the entry of summary judgment." *Id.* No issue for trial exists unless the nonmoving party can demonstrate sufficient evidence favoring it such that a reasonable jury could return a verdict in that party's favor. *Id.* at 249.

**B.      Motion for Summary Judgment against Plaintiff Brennan**

A public employee's statements are protected by the First Amendment "when (1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have an adequate justification for treating the employee differently from any other member of the general public as a result of the statement." *Reilly v. City of Atlantic City*, 532 F.3d 216, 228 (3d Cir. 2008) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 241-42 (3d Cir. 2006)). Public employees, however, do not speak as citizens when the speech is made "pursuant to their professional duties." *Garcetti v. Ceballos*, 547 U.S. 410, 426 (2006). Therefore, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for *First Amendment* purposes, and the Constitution does not insulate their communications from employer discipline." *Id.* at 421. The determination of whether a "particular incident of speech is made within a particular plaintiff's job duties is a mixed question of fact and law." *Foraker v. Chaffinch*, 501 F.3d 231, 240 (3d Cir. 2007).

In this case, the facts relating to Plaintiff Brennan's only remaining free speech claim are not in dispute.[4] Pursuant to Plaintiff Brennan's duties as a police officer in Fairfield, he issued two motor vehicle summonses to a township administrator on May 4, 2005. (Pl.'s Suppl. Compl. ¶ 17(g); Harrison Aff. Ex. E.) On May 9, 2005, Plaintiff Brennan wrote a memorandum to Defendant Centonze, the Chief of Police of the Fairfield Police Department, regarding the issuance of the summonses to the township administrator. (Pl.'s Suppl. Compl. ¶ 17(g); Harrison Aff. Ex. E.) The memorandum was written on police department letterhead and explained the reasons for why Plaintiff Brennan issued the summonses, including a history of other motor vehicle-related encounters with the township administrator during the course of Plaintiff Brennan's job as a police officer. (Harrison Aff. Ex. E.) Plaintiff Brennan copied and distributed this memorandum to the Mayor and Council of the Township of Fairfield. (Pl.'s Supp. Compl. ¶ 17(h); Harrison Aff. Exs. E, F; Brennan Dep. 59.) Defendant Centonze then issued a Counseling Memorandum to Plaintiff Brennan for distributing the May 9th internal police department "memorandum to the Mayor and Council without moving it

---

[4] As noted earlier, Plaintiff Brennan failed to submit any opposition to the motion for summary judgment. Thus, the Court finds that the facts and evidence provided by Defendants are not in dispute.

4

through the Chain of Command" in violation of police department policy and regulations. (Harrison Aff. Ex. F; Brennan Dep. 63-64.)  This counseling memo is a disciplinary action that is less severe in punishment than an oral or written reprimand.  (Brennan Dep. 62.)

The Court finds that Plaintiff Brennan's distribution of an internal police memorandum explaining his decision to issue motor vehicle summonses is clearly speech made pursuant to his duties as a police officer and not as a citizen.  The issuance of a police summons is clearly within the responsibilities and duties of Plaintiff Brennan as a police officer.  Moreover, Plaintiff Brennan's writing of the memorandum was as a police officer fulfilling a responsibility of explaining the police action in the incidents described in his memorandum to the Chief of Police.  The preparation of such an internal police memorandum is within the rules and regulations of the Fairfield Police Department. (Harrison Aff. Ex. F.)  Plaintiff Brennan explained that the writing and distribution of such a memorandum was consistent with his duties as a police officer and that other police officers had undertaken similar activity.  (Brennan Dep. 56-57.)  The fact that the memorandum was written on police department letterhead lends further credibility to a characterization of his speech as pursuant to his duties as a police officer.

Given that Plaintiff Brennan's claim of retaliation is based upon speech made pursuant to his official duties, Plaintiff Brennan's First Amendment claim cannot be sustained.  His speech was not that of a citizen, and therefore, is not protected under the First Amendment.  *See Reilly*, 532 F.3d at 226.  As the Supreme Court has acknowledged, "the First Amendment does not prohibit managerial discipline based on an employee's expressions made pursuant to official responsibilities."  *Garcetti*, 547 U.S. at 424.

C.     **Motion for Sanctions**

Defendants have also filed a separate motion for sanctions pursuant to Fed. R. Civ. P. 11 for the plaintiffs' assertion, and later withdrawal, of a claim under 31 U.S.C. § 3730(h).  Rule 11 allows the Court to impose sanctions upon any "attorney, law firm, or party" that has presented claims that are frivolous, legally unreasonable, lacking in factual foundation, or brought for an improper purpose.  Defendants argue that the plaintiffs' § 3730(h) claim was baseless, because there was no good faith basis for the original plaintiffs in this case to assert that Defendants defrauded the federal government.

The original plaintiffs in this case opposed the motion and argued that there had been communications with various law enforcement officials regarding the "potential interest in a *qui tam* action under the False Claims Act, 31 U.S.C. § 3730(h)."  (Toscano Aff. ¶¶ 5.)  Therefore, by way of their counsel's affidavit, they asserted that there was a

good faith basis for their assertion of the claim.  (Toscano Aff. ¶¶ 5-6.)  Upon the realization that the "Government had not filed a *qui tam* action by the time Defendants moved for a dismissal of the Supplemental Complaint," the plaintiffs' counsel withdrew the claim without prejudice.  (Toscano Aff. ¶ 8.)

Based upon the totality of the circumstances and reasoning for the assertion and withdrawal, the Court cannot conclude that plaintiffs' counsel had no good faith basis to assert their claim.  There is no evidence to suggest that the plaintiffs had not been communicating with various law enforcement officials regarding the potential for a *qui tam* action, which may have provided a basis for the assertion of the claim.  Although it would have been more prudent for the plaintiffs to have amended their complaint to include such a claim when warranted as opposed to withdrawing their claim upon their later realization that such a claim could not be sustained, the Court does not find this overzealousness and tactical misjudgment to warrant sanctions.  Furthermore, Defendants have sought sanctions against all three of the original plaintiffs and plaintiffs' counsel.  At this stage, there is only one remaining plaintiff.  If there had been any violations of Rule 11, which this Court does not find, it would have been unreasonable to assign liability for such a violation against only one of the plaintiffs.  Thus, Defendants' motion for sanctions pursuant to Fed. R. Civ. P. 11 is denied.

**D.     Motion to Disqualify Counsel**

Although the dismissal of the Supplemental Complaint may have rendered this motion moot, the Court will briefly address Plaintiff Brennan's motion to disqualify counsel.  To summarize, Plaintiff Brennan seeks to disqualify all counsel of record for Defendants based upon their representation of other clients and violations of the attorney-witness rule.  The Court finds that the disqualification of Defendants' counsel is unwarranted on these grounds.

Plaintiff Brennan has not posed any viable theories for disqualification and has failed to substantiate his allegations of conflict of interest.  First, Plaintiff Brennan has failed to show how there are conflicts in counsel's representation of their clients.  Although Defendant Centonze filed a complaint against the Township of Fairfield for employment discrimination on November 18, 2008, Defendant Centonze is represented in that suit by Nancy Smith, who also represents Defendant Centonze in this case.  Therefore, there is no conflict of interest in Nancy Smith's representation of Defendant Centonze.  Counsel Eric Harrison represents Defendants in this case as well as various defendants in a separate retaliation case filed by Plaintiff Brennan.  Plaintiff Brennan has provided no evidence to suggest that there are any conflicts of interest not waived among the various clients represented by Eric Harrison such that the clients' interests were not

protected and were adversely affected.  In fact, Judge Faith Hochberg similarly ruled in Plaintiff Brennan's case against Rocco Palmieri, among others, that disqualification based upon Eric Harrison's representation of the defendants in that case did not conflict with his representations before this Court.  In addition, Plaintiff Brennan has not made clear who represents Defendant Township of Fairfield in the recently filed litigation by Defendant Centonze, and therefore, the Court cannot conclude that there is a conflict of interest.

Second, with regards to the attorney-witness rule, there can be no claim that Eric Harrison would be called as a witness in this case based upon his certification in a separate litigation.  Harrison merely certified that he was unable to locate a written complaint alleged to have been filed by Brennan in relation to that litigation.  As the subject of that written complaint is not before this Court, there can be no disqualification of Eric Harrison in this case on grounds of a violation of the attorney-witness rule.

### E.     Motion for Mediation

Plaintiff Brennan filed a motion to compel mediation on November 14, 2008, which Defendants opposed.  Given that Plaintiff Brennan's complaint against Defendants will be dismissed with prejudice, the Court will deny Plaintiff Brennan's motion for mediation as moot.

## CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment is **GRANTED**, and Plaintiff Brennan's Supplemental Complaint must be **DISMISSED WITH PREJUDICE**.  Defendants' motion for sanctions, Plaintiff Brennan's motion to disqualify counsel, and Plaintiff's motion to compel mediation are **DENIED**.  An appropriate order follows.

s/William J. Martini<br>
**William J. Martini, U.S.D.J.**